IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 0:09-932-CMC |
| v. | **OPINION and ORDER** |
| Santwain Roseborough, | |
| Defendant. | |

This matter is before the court on Defendant's letter, dated March 27, 2014, wherein he seeks a reduction in his sentence based upon having completed his General Education Diploma (GED). ECF No. 90. Defendant indicates that this court told him at sentencing that if he completed his GED, his sentence would be reduced.

Rule 35(a) of the Federal Rules of Criminal Procedure permits a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within fourteen days after the oral announcement of the sentence. See Rules 35(a) and (c), Fed.R.Crim.P. The sentence was orally announced on April 9, 2010, and, accordingly, the deadline for any action by the court on a Rule 35(a) motion has passed. Therefore, the court is without jurisdiction to act upon Defendant's motion in this regard.

Apart from Rule 35(a), a district court has no jurisdiction to alter a defendant's term of imprisonment except as authorized by 18 U.S.C. § 3582 or 18 U.S.C. § 3742.

Title 18 United States Code § 3582(c) limits the court's authority to modify a final judgment that includes a sentence of imprisonment to three specific circumstances. *See* 18 U.S.C. § 3582(c) (the court can modify a judgment (1) upon motion of the Director of the Bureau of Prisons ("BOP") for statutorily-specified reasons, (2) upon motion of the government for substantial assistance, or

1

(3) upon motion of the defendant or the BOP, or upon the court's own motion, because of a subsequent lowering of the applicable sentencing range). None of these circumstances applies to Defendant at this time.[1]

After an appeal, the court can modify a sentence if the sentence is found by the appellate court to have been imposed in violation of law or imposed as a result of an incorrect application of the sentencing guidelines, as provided for in 18 U.S.C. § 3742. Defendant filed an appeal which was dismissed for failure to prosecute.

Defendant's letter, construed as a motion for reduction of sentence, does not allege that any of these circumstances applies. Additionally, a review of the transcript of Defendant's sentencing reveals no such promise, nor would such a promise have been made by this court.[2] The court lacks jurisdiction to modify Defendant's sentence, and therefore, Defendant's motion is denied for lack of jurisdiction.

**IT IS SO ORDERED.**

                                      s/ Cameron McGowan Currie
                                      CAMERON MCGOWAN CURRIE
                                      SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 14, 2014

---

[1] Defendant's sentence was reduced on August 2, 2012, pursuant to the Government's motion for reduction of sentence under Rule 35(b).

[2] The court routinely advises defendants that accomplishments while incarcerated will be considered in a positive light if a Rule 35 motion is later filed.